# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Mary H. Matthews,**
**Petitioner Below, Petitioner**

**v.) No. 24-544** (24-ICA-268)

**James Fetty,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary H. Matthews appeals the August 15, 2024 order of the Intermediate Court of Appeals of West Virginia ("ICA") that dismissed the petitioner's appeal of the Family Court of Wood County's May 31, 2024, order regarding the validity of the parties' marriage.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision summarily affirming the decision of the ICA is appropriate. *See* W. Va. R. App. P. 21(c).

The parties to this appeal were married on July 21, 2014, in Wood County, West Virginia. Eventually, the respondent petitioned for divorce, after which the Family Court of Wood County held a final divorce hearing on April 10, 2024, and entered a final divorce decree six days later. After the entry of the final divorce decree, the petitioner contested the validity of the parties' marriage, arguing that their marriage license was never recorded. Ultimately, in an amended final order entered on May 31, 2024, the family court found that the parties had been lawfully married and that a divorce action was necessary to terminate the marriage.

On June 27, 2024, the petitioner appealed the family court's May 31, 2024, order to the ICA. The scheduling order directed the petitioner to perfect her appeal by July 30, 2024. The petitioner did not perfect by this deadline. Subsequently, the ICA entered a notice of intent to dismiss the appeal if the petitioner did not perfect by August 12, 2024. The petitioner never perfected the appeal and, therefore, the ICA entered a dismissal order on August 15, 2024. The petitioner now appeals the ICA's August 15, 2024, order.

This Court applies a de novo standard of review to an order from the ICA dismissing an appeal. *See* Syl. Pt. 1, *Aaron W. v. Evelyn W.*, 251 W. Va. 1, 909 S.E.2d 36 (2024) ("We apply a de novo standard of review to an order from the Intermediate Court of Appeals of West Virginia granting a motion to dismiss an appeal."). Before this Court, the petitioner does not challenge the ICA's dismissal but only the validity of her marriage. After careful review of the parties briefing

---

[1] The petitioner and the respondent are both self-represented.

and the limited record, we discern no reversible error. Because the petitioner failed to perfect her appeal within the timeline set by the ICA's scheduling order, the ICA correctly dismissed the action. *See* W. Va. R. App. P. 13(c)(2) ("If a party fails to comply with a scheduling order the Intermediate Court may impose sanctions or dismiss the appeal, or both."); *see also* W. Va. R. App. P. 13(c)(3) (requiring that a family court appeal be "perfected within sixty days of entry of the judgement being appealed").

We, therefore, summarily affirm the decision of the ICA.

Affirmed.

**ISSUED:** May 6, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III